1   Scott Hervey, State Bar No. 180188
    Scott Plamondon, State Bar No. 212294
2   WEINTRAUB GENSHLEA CHEDIAK
    Law Corporation
3   400 Capitol Mall, 11th Floor
    Sacramento, California   95814
4   (916) 558-6000 – Main
    (916) 446-1611 – Facsimile

5   WEINTRAUB GENSHLEA CHEDIAK
    Law Corporation
6   12400 Wilshire Blvd., Suite 400
    Los Angeles, California   90025
7   (916) 558-6000 – Main
    (916) 446-1611 – Facsimile
8

9   Attorneys for Plaintiff
    Camelot Distribution Group, Inc.
10

11

12              IN THE UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15  CAMELOT DISTRIBUTION GROUP, INC., a          Case No.  CV11  01949  DDP  FMOx
    California corporation,
16
              Plaintiff,
17                                               COMPLAINT FOR:
         vs.
18                                               COPYRIGHT INFRINGEMENT
    DOES 1 THROUGH 5865, inclusive.                [17 U.S.C. § 501]
19
              Defendants.
20
                                                 DEMAND FOR JURY TRIAL
21

22

23

24

25

26

27  ///

28  ///

{1291635.DOC;2}                        1          Complaint for Copyright Infringement;
                                                          Demand for Jury Trial

## INTRODUCTION

Plaintiff Camelot Distribution Group, Inc. ("Camelot" or "Plaintiff") is the exclusive United States distributor of the motion picture titled *Nude Nuns With Big Guns* (the "Motion Picture").

The Defendants, and each of them, engaged in the distribution of the Motion Picture via one or more peer to peer ("P2P") networks through the use of software which operates using the BitTorrent protocol.

The Plaintiff is informed and believes that the BitTorrent protocol is a digital communications protocol capable of enabling users to distribute large files without placing a heavy load on the source computer and network. Rather than downloading a file from a single source, the BitTorrent protocol allows users to join a "swarm" comprised of multiple users hosting data on their personal computer to download and upload data from each other simultaneously. A user who wants to make a file available that is not already on this type of P2P system will first create a small *torrent* descriptor file which is then distributed by conventional means (web, email, etc.). He then makes a complete copy of the file itself available through a BitTorrent node. This original complete copy is known as a *seed*. Those who have acquired the torrent descriptor file can give it to their own BitTorrent nodes which, acting as *peers*, download it by connecting to the seed and/or other peers. The file is then distributed by dividing it into segments called *pieces*. As each peer receives a new piece of the file, that peer becomes a source of that piece to other peers, relieving the original seed from having to send a copy to every peer.

With BitTorrent, the task of distributing the file is shared by those who want it. Using the BitTorrent protocol it is possible for the seed to send only a single copy of the file itself to an unlimited number of peers. When a peer completely downloads a file, it becomes an additional seed. This eventual shift from peers to seeders determines the overall "health" of the file (as determined by the number of times a file is available in its complete form). This distributed nature of BitTorrent leads to a flood-like spreading of a file throughout peers. As more peers join the swarm, the downloading speed and the likelihood of a successful

**weintraub** genshlea chediak
LAW CORPORATION

Complaint for Copyright Infringement;
Demand for Jury Trial

1    download increases.   Relative to standard Internet hosting, use of the BitTorrent protocol
2    provides a significant reduction in the original distributor's hardware and bandwidth resource
3    costs.   It also provides redundancy against system problems, reduces dependence on the
4    original distributor and provides a source for the file which is generally temporary and therefore
5    harder to trace than when provided by the enduring availability of a host in standard file
6    distribution techniques.

### THE PARTIES

8    1.    Camelot Entertainment Group, Inc. is a corporation formed pursuant to the laws
9    of California, duly authorized to do business in this state, with its headquarters and primary
10    place of business in Los Angeles County, California.

11    2.    The true names of Defendants are unknown to the Plaintiff at this time.   Each
12    Defendant is known to the Plaintiff only by the Internet Protocol ("IP") address assigned to that
13    Defendant by his or her Internet Service Provider on the date and at the time at which the
14    infringing activity of each Defendant was observed.   The Plaintiff believes that information
15    obtained in discovery will lead to the identification of each Defendant's true name and permit
16    the Plaintiff to amend this Complaint to state the same.

17    3.    Joinder of each of these Defendants in a single action is appropriate because
18    each Defendant was contemporaneously engaged in a coordinated effort with the other
19    Defendants to reproduce and distribute Plaintiff's copyrighted works to each other and
20    hundreds of third parties via BitTorrent protocol.   Plaintiff's claims against the Defendants
21    therefore presents issues of law and fact common to all Defendants and all right to relief
22    sought against Defendants arises from the same series of transactions or occurrences.

### JURISDICTION AND VENUE

24    4.    Jurisdiction in the District Court is based upon 28 U.S.C. § 1331, federal
25    question, in that the action arises out of violations of the Copyright Act, 17 U.S.C. § 501.

26    5.    Venue is proper in the Central District pursuant to 28 U.S.C. §§ 1391 and
27    1400, in that a substantial portion of the events giving rise to the dispute arose in this district,
28    the harm was sustained in this district, and at least one Defendant is found in this district.

**weintraub** genshlea chediak
LAW CORPORATION

Rights in the Motion Picture

6.     Plaintiff is licensed with the exclusive right to distribute the Motion Picture in the United States for any and all media platforms, including but not limited to theatrical, home video, television and Internet.  Plaintiff was granted this exclusive right from the producer of the Motion Picture on or about September 22, 2009.

7.     The producer of the Motion Picture owns the copyright in the Motion Picture and filed a copyright registration application to register the copyright in the Motion Picture on September 29, 2010.   The producer previously registered the screen play for the Motion Picture on August 11, 2009 (Pau 003440659).

Distribution Of The Motion Picture

8.     The Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, made use of one or more P2P networks to download a copy of the Motion Picture and distributed the Motion Picture to the general public, by making the Motion Picture available for distribution to other users of the P2P network.

9.     The Plaintiff does not know the true identity of the Defendants.  The Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her Internet Service Provider on the date and at the time at which the Defendant's infringing activity occurred.

10.     The Defendants knew, or should have known, that they did not have the right to copy or distribute the Motion Picture.

FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

(Against All Defendants)

11.     Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 above as if set forth in full.

12.     Plaintiff is the holder of the exclusive right to distribute the Motion Picture in the United States in all media.

13.     Defendants, and each of them, infringed Plaintiff's distribution rights in and to

weintraub genshlea chediak
LAW CORPORATION

the Motion Picture through the conduct alleged herein, including, but not limited to, downloading a copy of the Motion Picture without authorization from Plaintiff, and distributing copies of the Motion Picture by, among other activities, making a copy of the Motion Picture available for others to download and further distribute to other users, all without authorization from Plaintiff, in violation of 17 U.S.C. § 501.

14.   The infringement of Plaintiff's distribution right in the Motion Picture was willful and intentional.  Each Defendant knew that they did not have the right to copy or distribute the Motion Picture because they did not have the authorization from Plaintiff (or the producer) to do so.  The Motion Picture identifies and acknowledges the producer as the copyright owner, and the Defendants knew they did not have the producer's (or Plaintiff's) authorization to distribute the Motion Picture.  The Motion Picture also contains a warning which informed each Defendant that copying the Motion Picture is unlawful.

15.   Defendants' infringing actions have caused Plaintiff injury in the form of lost sales, lost profits, and a reduction in market price for the Motion Picture because Defendants are making the illegal P2P copies of the Motion Picture available for free.  Plaintiff continues to be injured by this reduction in market price, and it will take many years for the market to recover to the point where Plaintiff can charge its customary, proper retail price, and in fact the market may never recover to that point.  Defendants' infringing actions therefore entitle Plaintiff to recover its actual damages and Defendants' profits in accordance with 17 U.S.C. § 504.  Plaintiff may, at its election, recover statutory damages in accordance with 17 U.S.C. § 504(c).

16.   Defendants' infringing actions have caused, and continue to cause, irreparable injury to Plaintiff's ability to distribute the Motion Picture by making the Motion Picture available for no charge over various P2P online networks.  Defendants' actions therefore entitle Plaintiff to temporary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

17.   Defendants' infringing actions also entitle Plaintiff to recover its full costs in bringing this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays for judgment as set forth below.

///

**weintraub** genshlea chediak
LAW CORPORATION

PRAYER

AS TO THE FIRST CLAIM FOR RELIEF

(Copyright Infringement)

(Against All Defendants)

1.     For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action, pursuant to 17 U.S.C. § 502;

2.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring Defendants, and each of them, and their respective officers, directors, agents, attorneys, servants and employees, and all persons acting under, in concert with, or for them:

  a.     to refrain from distributing or copying the Motion Picture without express, written authorization from Plaintiff;

  b.     to turn over to Plaintiff or destroy all copies of the Motion Picture in their control or possession;

3.     For actual damages and Defendants' profits pursuant to statute, 17 U.S.C. § 504;

4.     For statutory damages pursuant to 17 U.S.C. § 504;

5.     For costs of suit and Plaintiff's reasonable attorneys' fees according to statute, 17 U.S.C. § 505; and

6.     For such other and further relief as the Court may deem just and proper.

Dated: March 7, 2011

WEINTRAUB GENSHLEA CHEDIAK
Law Corporation

By: _____
Scott Hervey
State Bar No. 180188

Attorneys for Plaintiff
Camelot Distribution Group, Inc.

weintraub genshlea chediak
LAW CORPORATION

1

2

## DEMAND FOR JURY TRIAL

3      Plaintiff hereby requests a trial by jury provided by Rule 38 of the Federal Rules of Civil

4   Procedure.

5

6   Dated:  March 7, 2011

7

8

9

10

11

WEINTRAUB GENSHLEA CHEDIAK
Law Corporation

By:
    Scott Hervey
    State Bar No. 180188

    Attorneys for Plaintiff
    Camelot Distribution Group, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

weintraub genshlea chediak
LAW CORPORATION

UNITED STAT___ DISTRICT COURT, CENTRAL DISTRICT ___ CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| CAMELOT DISTRIBUTION GROUP, INC. a California corporation | DOES 1 through 5865, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Scott Hervey (SBN 180188), Weintraub Genshlea Chediak, 400 Capitol Mall, Suite 1100, Sacramento, CA 95814; (916) 558-6000; (916) 446-1611 - fax | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☑ No        □ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. § 501 Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Fed. Employers' Liability | **BANKRUPTCY** | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 340 Marine | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 355 Motor Vehicle Product Liability | □ 441 Voting | □ 610 Agriculture | ☑ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **IMMIGRATION** | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

CV11 01949

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATE   DISTRICT COURT, CENTRAL DISTRICT   CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s):  _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case numbers: _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Counties within central district | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties within Central District | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  March 7, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Scott Hervey (SBN 180188)
Weintraub Genshlea Chediak
400 Capitol Mall, Suite 1100
Sacramento, CA  95814
(916) 558-6000; (916) 446-1611 (fax)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| CAMELOT DISTRIBUTION GROUP, INC., a California corporation   **PLAINTIFF(S)** <br> v. | **CV11   01949DDP** FMOX |
| DOES 1 through 5865, INCLUSIVE   **DEFENDANT(S).** | **SUMMONS** |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Scott Hervey_____, whose address is _Weintraub Genshlea Chediak, 400 Capitol Mall, Suite 1100, Sacramento, CA 95814____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR - 7 2011

Dated: _____

Clerk, U.S. District Court

By: _____
**CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS