Scott Hervey, State Bar No. 180188
Scott M. Plamondon, State Bar No. 212294
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Plaintiff
Camelot Distribution Group, Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CAMELOT DISTRIBUTION GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1 through 5,865, inclusive, <br><br> Defendants. | Case No.: CV11-01949 DDP (FMOx) <br><br> **RESPONSE TO ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Plaintiff has named 5,865 Doe Defendants Plaintiff believes who have unlawfully copied and distributed Plaintiff's motion picture, "Nude Nuns with Big Guns (the "Movie"), over the Internet. As of this date, Plaintiff has not been able to identify any of the Doe Defendants by name, rather Plaintiff only is able to identify each Doe Defendant by his/her Internet Protocol ("IP") address and the date and time the infringement took place. Plaintiff can only determine Defendants' actual identities by using the discovery process to inquire as to the identities of the Doe Defendants by obtaining information from the various non-party Internet Service Providers

("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. Plaintiff is unable to obtain this discovery however, without first filing a lawsuit against the currently anonymous Doe Defendants.

As alleged in the Complaint, and as further demonstrated herein, the unique qualities of the "torrent" file sharing system employed by the Doe Defendants demonstrates that the Doe Defendants have jointly engaged in the same series of transactions designed to infringe Plaintiff's copyright. Further, because Plaintiff has not yet learned the identities of all Doe Defendants in this case, any severance under Rule 20 is premature at this time. Overall, justice requires that Plaintiff be permitted to proceed with its case as plead.

## II. BRIEF PROCEDURAL OVERVIEW

Plaintiff filed its complaint against 5,865 Doe Defendants on March 7, 2011. Plaintiff then filed a Motion for Expedited Discovery, on March 9, 2011. Thereafter this Court issued an order requiring Plaintiff to show cause in writing no later than June 13, 2011 why the Doe Defendants should not be severed and/or dismissed from the action based on improper joinder of parties and lack of personal jurisdiction.

## III. APPLICABLE LEGAL STANDARDS

Federal Rules of Civil Procedure 20 and 21 (hereafter "Rule 20" and "Rule 21") pertain to joinder and misjoinder of parties and are instructive. "Rules 20 and 21 are intended to promote trial convenience, to expedite the determination of litigation, and to avoid multiplicity of suits." *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964) (emphasis added). Since "[j]oinder of claims, parties and remedies is strongly encouraged" (*League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977); *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966). Rules 20 and 21 are to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *League to Save Lake Tahoe*, 558 F.2d at 917. Any determination on a question of joinder is within the discretion of the trial court. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th

Cir. 1974).

Rule 20 states that "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. Rule 20(a)(2).4.  Rule 21 states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

A case by case approach is generally used in determining whether the first element of Rule 20(a) is met. *Id.*, 497 F.2d at 1333. Looking at the first element, the *Mosley* court determined that "[n]o hard and fast rules have been established under the rule." *Id*. In examining Rule 13(a) which deals with counterclaims as guidance, that court adopted the same construction of the terms "transaction or occurrence":

> "[t]ransaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.

*Id.*; *see Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (stating that the "logical relationship test is flexible").

Similarly, the Ninth Circuit defines the term "transaction or occurrence" to mean "similarity in the factual background of a claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000). Claims that "'arise out of a systematic pattern of events' arise from the same transaction or occurrence." *Id.*

As to the second element of Rules 20(a), "[t]he rule does not require that all questions of law and fact raised by the dispute be common….common questions have been found to

exist in a wide range of context." *Mosley*, 497 F.2d at 1334.

Finally, the court should consider whether an order under Rule 21 would prejudice any party or would result in undue delay. *See Brereton v. Commc'ns Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C. 1987) (stating that Rule 21 must be read in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party).

### A. THE NATURE OF THE ACTIVITY ALLEGED.

Plaintiff has alleged in its Complaint, and Plaintiff has shown in its Motion for Expedited Discovery, that each and every Doe Defendant, has engaged in the distribution of Plaintiff's Movie via one or more peer to peer networks through the use of software which operates using the BitTorrent protocol. [Doc. No. 1 (Complaint) at page 2, lines 5-7] In doing so, each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution, and as such engaged in infringement of Plaintiff's rights protected under the Copyright Act of 1976 (17 US.C. § 101 et seq.). *Id.*

The BitTorrent protocol allows users to distribute large data files across a network without placing a heavy load on the source computer(s) network. With the BitTorrent protocol an initial file-provider elects to share a "seed" file via a BitTorrent network. *Id* at ¶3. Thereafter, other users ("peers") connect to the seed file and begin downloading data from the seed, while simultaneously sharing the downloaded data with other peers. *Id.* As additional peers request the same file, each additional user becomes a part of the network (or "swarm") and begins sharing its data with other peers, which means that each additional user's computer is connected not only to the seeder/uploader but also is connected to myriad other peer/downloaders. *Id at* ¶4. In the BitTorrent system used to illegally download Plaintiff's Movie, each downloader is receiving a different piece of the data from users who have already downloaded that piece of data, and all of the pieces together comprise the whole. *Id* at ¶5. Because of the very nature of a BitTorrent system, each Doe Defendant "was contemporaneously engaged in a coordinated effort with the other [Doe] Defendants to reproduce and distribute Plaintiff's [Movie] to each other and hundreds of third parties." Every peer user who has a copy of the infringing copyrighted material on a BitTorrent network—or

even a portion of a copy—is likely to be a source of download for that infringing file. ¶5.

The distributed nature of the BitTorrent protocol leads to a flood-like spreading of a file through a large number of peer users all of whom are both uploading and downloading portions of the file simultaneously. The propagation of copying files employing the BitTorrent protocol is similar to that of a computer virus. Fieser Decl. at ¶6. As more peers join the swarm, more parts of the original file become readily available, and the likelihood of a successful download increases. *Id.* Because of the nature of the swarm downloads as described above, every infringer is simultaneously stealing copyrighted material in collaboration with multiple other infringers, through a number of ISPs, in numerous jurisdictions around the country. *Id at* ¶7.

Users become aware of the availability of a BitTorrent file through the use of "trackers." Fieser Decl., ¶9. The person seeking to share a file creates a "tracker" and posts it in various location on the internet, including among others, websites, chat rooms, and mailing lists. *Id.* Once a tracker has been made available anyone interested in sharing that specific file can use the tracker to download the file and create a network dedicated to sharing just that specific file. *Id.*

The most important characteristic of BitTorrent is the concept of the swarm, which is a group of peers who are using the BitTorrent protocol to transfer a single file amongst themselves. Fieser Decl. ¶10. Peers engaged in downloading a file as part of a torrent cooperate to replicate the file among each other using swarming techniques. *Id.* A user who wants to download a file using the BitTorrent protocol must find and download the corresponding ".torrent" file and connect to the specified tracker. *Id.* The ".torrent" file contains information about the file to be downloaded and the IP address of the "tracker" of the torrent. *Id.* The tracker is the only centralized component of the BitTorrent protocol; the tracker keeps track of the peers who are currently members of the swarm and directs a downloader's computer to the other peers to facilitate the downloading of the pieces of the file.

For a typical file, such as Plaintiff's Movie, 50 or more peers are chosen at random in the list of peers currently involved in the torrent. Fieser Decl. ¶11. This group of peers forms the

peer set of the new user joining the swarm. *Id*. The group of peers will then distribute pieces of the file among to the new user. *Id*. Each peer knows what pieces each other peer has, and each peer helps the other to successfully download the entire file. *Id*.

There are a very few original copies of Plaintiff's Movie being tracked through the use of BitTorrent trackers. Fieser Decl. ¶12. Due to the nature of the BitTorrent protocol, it is a near certainty that each of the infringers who have copied and distributed Plaintiff's movie have been involved with the copying and distribution of the exact same infringing file from the time of its initial seeding up to and including the present day. *Id*. The coordinated actions of the Doe Defendants have caused a single copy of the Movie to be distributed to thousands of individuals without Plaintiff's consent, and without compensation to Plaintiff. *Id*.

## B. PLAINTIFF HAS APPROPRIATELY JOINED THE DOE DEFENDANTS AT THIS STAGE OF THE CASE.

### 1. <u>Plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences.</u>

As discussed above, the use of the BitTorrent protocol to copy and distribute Plaintiff's Movie demonstrates that all of the Doe Defendants engaged in the same series of transactions and occurrences. Each Doe Defendant is a possible source for Plaintiff's Movie and may be responsible for distributing the Movie to the other Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) Each Doe Defendant is alleged to have participated in a swarm with other Doe Defendants, all for the same purpose – the illegal copying and distribution of Plaintiff's Movie. Although each of the Doe Defendants may have engaged in the infringing activities at different times, all of the events involving all of the Doe Defendants are logically related to the sharing of the seed file (Plaintiff's copyrighted Movie in digital form).

The very nature of a BitTorrent is based on ongoing and continuous series of infringements. As described above, in order for each and every Doe Defendant to obtain a download of Plaintiff's Movie, each and every Doe Defendant must link to a seed file of Plaintiff's Movie. Because a seed file can only exist from another Doe Defendant, each Doe

Defendant is necessarily intertwined. Every peer user who has a copy of the infringing Movie on a torrent network must necessarily also be a source of download for that infringing file. The more members of the swarm, the more efficient the BitTorrent system is in distributing the file.

Because of the swarm nature of BitTorrent file sharing, the allegations in Plaintiff's Complaint show that the Doe Defendants acted in concert in an ongoing effort to infringe Plaintiff's movie. The Complaint specifically alleges that each Doe Defendant actually illegally downloaded Plaintiff's Movie and distributed the Movie to the general public by making the Movie available for others to infringe, and that all of the Doe Defendants acted in concert with one another to accomplish this result.

Additionally, the fact that Plaintiff is alleging infringement of only one work tends to show a relationship among all Doe Defendants. In *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (D.C.Tex. 2004), the court specifically held that joinder of unrelated defendants who allegedly infringed the same patent was proper. The court stated:

> A logical relationship exists if there is some nucleus of operative facts or law....MyMail alleges that all defendants have infringed the '290 patent....The UOL Defendants urge the Court to adopt the rule that infringement by different defendants does not satisfy Rule 20's same transaction requirement, but the Court finds that this interpretation of Rule 20 is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation. In essence, the UOL Defendants advocate a rule that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent. The Court disagrees with such a per se rule that elevates form over substance. Such an interpretation does not further the goals of Rule 20, especially for discovery and motion purposes.

*Id.* at 456-457 (internal citations omitted); see *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006) ("The first requirement is met because Sprint's claims against all the defendants arise out of the same transaction or occurrence. Most notably, Sprint alleges that each of the defendants has infringed the same seven patents.").

Also, in *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630 (D. Kan. 2004), the court held that A satellite broadcaster's action against alleged owners of pirate access devices arose out of same "transaction" for purposes of joinder under Rule 20. In *DIRECTV*, the broadcaster

alleged that each defendant purchased one or more identical or nearly identical devices which had been designed specifically to unlawfully intercept satellite signals or facilitate illegal interception. Records and other information that served as the basis of DirecTV's claims arose from the same investigations and raids. *Id.* at 632.

This case presents a similar situation. Here, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent protocol to connect with one another to illegally copy and distribute Plaintiff's Movie. Additionally, the evidence supporting Plaintiff's claims against the Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Therefore, Plaintiff has shown that the liability for all Doe Defendants arises out of the same transaction or series of transactions, meeting the first requirement of Rule 20(a).

2. <u>A question of law or fact common to all Doe Defendants will arise in the action.</u>

Plaintiff has alleged identical claims against all Doe Defendants for each and every Doe Defendant's use of peer to peer network to distribute Plaintiff's Movie. [See Doc. No. 1 (Complaint) page 2, lines 5-7]. Therein, Plaintiff has alleged similar questions of fact, including without limitation, that each and every Doe Defendant used a torrent protocol to download and/or distribute Plaintiff's Movie. Further, Plaintiff has alleged the exact same legal claim against each and every Doe Defendant – "Copyright Infringement." [See Doc. No. 1 (Complaint) at p. 4].

Therefore, Plaintiff also has satisfied the second element of Rule 20(a)(2). Plaintiff's Copyright Infringement cause of action is common to all Doe Defendants and will raise similar questions of law, including without limitation the application of the Copyright Act (17 U.S.C. § 101 et seq.). *See DIRECTV, Inc. v. Barrett*, 220 F.R.D. at 632 ("The court also concludes that the claims against the defendants involve at least one common question of law or fact. DIRECTV seeks redress under identical legal theories against each of the defendants in each case. The claims in each complaint and the law under which they are brought are the same. Based on DIRECTV's allegations, the claims in each case involve at least one common question of law.").

{1307961.DOC;2}   8   Response To Order To Show Cause
CV11-01949 DDP (FMOx)

## C. SIMILAR CASES HAVE FOUND THAT ALLEGATIONS SIMILAR TO PLAINTIFF'S SATISFY RULE 20's REQUIREMENTS.

Recent cases in other jurisdictions that are very similar to this instant case have similarly addressed questions of improper joinder. In *Call of the Wild Movie, LLC v. Does 1-1,062*, 10-CV-00455 ECF No.40 (D.D.C March 11, 2011), (Howell, B.) the court considered whether thousands of doe defendants in a complaint alleging copyright infringement due to the illegal downloading and distribution of the plaintiffs' motion picture through the use of the BitTorrent file-sharing protocol. In this case the court found the Plaintiff's claims against the doe defendants to be logically related. ("Each putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to other putative defendants, who are also using the same file-sharing protocol to coy the identical copyrighted material." *Id.* Additionally, the *Call of the Wild* court found that the plaintiff's claims against the putative defendants contain common questions of law. *Id.* ("In each case, the plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders. Furthermore,...factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." *Id.*)

Other courts dealing with cases for copyright infringement against unknown doe defendants have specifically found that joinder of the defendants was proper under Rule 20. The District Court of Maine has issued a particularly well-reasoned analysis in *Arista Records, LLC v. Does 1-27*, 584 F. Supp. 2d 240 (D. Me. 2008).

In *Arista*, a group of copyright owners and licensees initiated an action for copyright infringement action against 27 unidentified students of the University of Maine. See 584 F. Supp. 2d at 241. Multiple motions to dismiss were then filed by various doe defendants. In considering the motions, the magistrate judge recommended that the court enter an order to

show cause why the plaintiffs should not be sanctioned under to Rule 11, and recommended that the plaintiffs be required to demonstrate that they have adequate evidentiary support for their factual contentions regarding joinder. *Id.* at 250-251. The court declined the magistrate's recommendation, and did not issue the show cause order. See *id.* at 251.

The court stated that it was not concerned by the joinder of the multiple doe defendants in one lawsuit. *Id.* The court based its conclusion on consideration of the plaintiffs' allegations regarding whether they had asserted that their right to relief related to or arose out of the same transaction or occurrence. The court noted that:

> the Complaint alleges the Doe Defendants (1) engaged in copyright infringement on the internet; (2) uploaded and downloaded copyrighted sound recordings using peer-to-peer networks; and (3) accessed the peer-to-peer network though a common ISP--the same University. The Plaintiffs further assert that twenty-five of the twenty-seven Doe Defendants used the same peer-to-peer network and many infringed the same copyrighted sound recording or different copyrighted sound recordings from the same artist. Finally, they allege that the Doe Defendants have been "active participants in what can only be described as an online music swap meet, unlawfully copying copyrighted works from other users and distributing such works to other users."

*Id.* (internal citations omitted).

The court added that "[a]t the very least, it seems premature to make a final determination that joinder is not permissible under Rule 20." *Id.* The court noted that, because the court cannot dismiss a case for misjoinder pursuant to Rule 21, the "remedy, then, would be to break up this one lawsuit into individual causes of action, an alternative that does not exactly resonate with practicality." *Id.* at 251. The court stated:

> Regarding the magistrate judge's concern about the possibility of abuse of the litigation process by the Plaintiffs, the Court is again more sanguine. It is true, as the magistrate judge observes, that the Plaintiffs have not identified and served the Doe Defendants and that they seek their names through this lawsuit. It is also possible that once identified and served, the Doe Defendants will determine that it is in their best interests to resolve the case. But, the Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately infringed that interest

without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests.

*Id.* at 252.

The *Arista* Court addressed the same Issues presented here. As with this case, where there is some relationship between unidentified defendants for infringing identical copyrights, it is too premature to definitively state that they have been improperly joined in one lawsuit. To hold otherwise would practically prevent copyright holder plaintiffs from being able to protect their material or would unnecessarily burden the courts with additional cases.

Numerous other courts in similar cases have declined to find misjoinder. Such other cases include, without limitation, *Arista Records LLC v. Does 1- 19*, 551 F. Supp. 2d 1 (D.D.C. 2008) (Kollar-Kotelly, C.), *Arista Records LLC v. Does 1-16*, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009), *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), and the DIRECTV case cited herein, all of which held that joinder was proper under circumstances similar to those presented here. In fact, in many of the similar music download cases, the plaintiffs submitted a list of over three hundred court orders that have approved joinder in similar cases. *See, e.g., Arista Records, LLC v. Does 1-27*, 584 F. Supp. 2d at 251.

### E. JOINDER WILL NOT PREJUDICE THE DOE DEFENDANTS.

Because, as demonstrated above, Plaintiff has satisfied the joinder requirements of Rule 20, Joinder of all Doe Defendants is appropriate. Joinder will promote an efficient resolution of a single action which stems from the same transaction and occurrence. If the court were to consider severance at this juncture, Plaintiff would face significant obstacles in its efforts to protect the Movie from illegal file-sharers and this would only needlessly delay Plaintiff's case. The Plaintiff would be forced to file 5,865 separate lawsuits. This multiple-lawsuit approach would be nearly impossible to implement, and would result in a waste of Plaintiff's and the Court's resources. This would certainly not be in the "interests of convenience and judicial

economy," or "secure a just, speedy, and inexpensive determination of the action." See *Call of the Wild Movie* at 12. Ultimately, Plaintiff would likely be unable to sustain the myriad lawsuits necessary to vindicate its interests in its copyrighted Movie, resulting in prejudice to Plaintiff.

Conversely, no prejudice to any of the Doe Defendants can be demonstrated. As described more fully herein, each of the Doe Defendants worked with one another to assist each other in downloading Plaintiff's copyrighted Movie. All of the issues which will be litigated in this case stem from the same transaction and occurrence, and relate to the actions of the Doe Defendants as part of the same "swarm" of users downloading the Movie. Because the issues to be litigated against each of the Doe Defendants will be identical, the Doe Defendants are able to join with one another, engage in common discovery, and to generally spread defense costs over the entire group. Ultimately, rather than prejudice the Doe Defendants, this would result in a beneficial reduction of costs for each Doe Defendant. Based on these facts it is difficult to see where any prejudice could exist by permitting the joinder of each of the Doe Defendants in a single action.

*Coleman v. Quaker Oaks Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (cited by the Court in the Order to Show Cause) presents facts and circumstances which are dissimilar to those presented here, and is inapposite. *Coleman*, involved a situation where multiple plaintiffs sought to combine their efforts under Rule 20 in order to litigate against their former employer in a single lawsuit. The *Colman* court determined that the employer would be prejudiced by having all ten plaintiffs testify in one trial. *Id.* ("even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant laid him off because of his age".

The present case presents a situation that is the reverse of that presented in *Coleman*. Here, a single plaintiff seeks to join multiple defendants all of whom have combined their efforts to unlawfully copy Plaintiff's copyrighted Movie. Unlike *Coleman*, where each plaintiff had separate and distinct evidence to present regarding their allegations of discrimination, this case involves claims being asserted against all Doe Defendants in identical fashion. Accordingly the circumstances that supported the Coleman court's determination that joinder

{1307961.DOC;2}   12   Response To Order To Show Cause
CV11-01949 DDP (FMOx)

would result in prejudice are not present here. The prejudice that would result to Plaintiff by requiring this lawsuit to be litigated in 5,865 separate lawsuits, as well as the loss of efficiency and judicial economy which would prejudice all parties and waste the Court's resources, combined with the absence of prejudice to the Doe Defendants demonstrates that joinder of all of the Doe Defendants is appropriate.

### D. THIS COURT WILL HAVE PERSONAL JURISDICTION OVER EACH DEFENDANT WHO IS NAMED IN THE ACTION

Plaintiff is presently unable to determine the residency of each individual DOE defendant named in the complaint. While the discovery sought by the Plaintiff will help sort out the matter of jurisdiction, without this additional information the Court really has no way to evaluate the question of jurisdiction. (See *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y 2004); evaluating personal jurisdiction is premature without the defendants' identifying information. See also *Humane Society of the United States v. Amazon.com, Inc.*, No. 07-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007); a plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.) When the defendants are named, they will have the opportunity to file appropriate motions challenging the Courts jurisdiction and that will be the appropriate time to consider the issue.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff believes that it has demonstrated good cause as required by the Court. Accordingly, Plaintiff respectfully requests that this Court allow this action to proceed.

Dated: May 13, 2011

**weintraub** genshlea chediak
a law corporation

By:     s/ Scott M. Hervey
Scott Hervey, State Bar No. 180188
Scott M. Plamondon, State Bar No. 212294
Attorneys for Plaintiff